UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SCHMIDT INDUSTRIES, INC.
and DAVID ALAN SCHMIDT,

                Plaintiffs,                Case No. 22-10412

v.                                        Honorable Nancy G. Edmunds

THE HUNTINGTON NATIONAL BANK,

                Defendant.

_____/

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO
DISMISS [12] AND DISMISSING THE CASE WITHOUT PREJUDICE**

Plaintiffs Schmidt Industries, Inc. and David Alan Schmidt bring a two-count complaint, alleging breach of contract and negligence as to bailment, against Defendant The Huntington Bank in this Court based on diversity jurisdiction. (ECF No. 1.) Defendant moves to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). (ECF No. 12.) Plaintiffs oppose dismissal. (ECF No. 14.) Defendant has filed a reply. (ECF No. 17.) Pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), the motion will be decided on the briefs and without oral argument. For the reasons below, the Court GRANTS Defendant's motion to dismiss.

**I.    Background**

    **A.    Factual Background[1]**

Plaintiffs leased two safe deposit boxes in one of Defendant's branches located in Bay City, Michigan. Plaintiff David Schmidt signed the agreement for the first box, which

---

[1] The Court will recite the facts only to the extent necessary for disposition of the motion to dismiss.

1

was originally opened on July 30, 2014, in his individual capacity (ECF No. 12-2), and he signed the agreement for the second box, which was originally opened on September 30, 2014, in his capacity as the largest shareholder of Plaintiff Schmidt Industries, Inc. (ECF No. 12-3). The agreements contain a provision limiting liability, which states in relevant part the following:

> You agree and represent to us that the aggregate value of the contents contained in the box will not exceed $25,000 at any time and based on this representation you further acknowledge and agree that our maximum liability, if any, will be limited to $25,000 for any claim arising out of this agreement, the box or the items contained in the box.

(ECF No. 12-2, PageID.131; ECF No. 12-3, PageID.135.)

According to the complaint, Plaintiffs placed 615 South African gold bullion coins known as Krugerrands in the two safe deposit boxes.[2] Each coin is worth approximately $1,900. Sometime on or before October 14, 2021, Defendant provided notice to Plaintiffs that the bank branch where the boxes were located was closing and tenants were required to retrieve the contents of their boxes. Plaintiffs had not yet done so when on October 14, 2021, third party agents of Defendant drilled out the locks from the boxes and bank employees placed the contents of the boxes into sealed bags. After Plaintiff Schmidt went to retrieve the contents of the boxes, he discovered that 382 coins were missing.

B.   **Procedural Background**

Plaintiffs filed this lawsuit, alleging breach of contract and negligence as to bailment, on February 25, 2022. (ECF No. 1.) Plaintiffs later filed a certificate of service

---

[2] Elsewhere in the complaint, Plaintiffs appear to indicate there were 660 coins in the two boxes.

2

indicating that Defendant was served with the summons on March 10, 2022. (ECF No. 5.) On April 1, 2022, Defendant first moved to dismiss this lawsuit. Plaintiffs included a request to strike the motion along with their response opposing dismissal, arguing the motion should be struck as untimely and because it included an exhibit that improperly contained personal information. (ECF No. 10.) Defendant subsequently moved to withdraw and strike its motion. (ECF No. 11.) The Court struck the motion and Defendant refiled its motion to dismiss with the personal information redacted from the exhibit. (ECF No. 12.) Despite this, Plaintiffs include the same request to strike in their response to the refiled motion. (ECF No. 14.)

## II.     Plaintiffs' Request to Strike

The Court first notes that including a request to strike within a response to a motion is procedurally improper. *See* E.D. Mich. Electronic Filing Policies and Procedures R5(f) ("A counter-motion must not be combined with a response or reply."). But to the extent the first motion to dismiss may have been filed one day late, the Court finds this is a technical violation that can be excused under the circumstances here. And the second issue raised by Plaintiffs as a basis to strike has been rendered moot by the refiling of the motion with a redacted exhibit. In sum, the Court will not strike Defendant's refiled motion to dismiss and will consider it on the merits.

## III.    Defendant's Motion to Dismiss

Defendant argues, first, that Plaintiffs failed to state a claim upon which relief can be granted and, then, that the Court does not have subject matter jurisdiction over this case. But jurisdiction is a threshold issue and must be decided first. And because it is dispositive here, the Court is without jurisdiction to decide the remaining issues.

### A. Legal Standard

Federal Rule of Civil Procedure 12(b)(1) governs challenges to subject matter jurisdiction. *See Am. Biocare Inc. v. Howard & Howard Attys. PLLC*, 702 F. App'x 416, 419 (6th Cir. 2017). Motions under Rule 12(b)(1) "fall into two general categories: facial attacks and factual attacks." *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). A facial attack "is a challenge to the sufficiency of the pleading itself. On such a motion, the court must take the material allegations of the petition as true and construed in the light most favorable to the nonmoving party." *Id.* On the other hand, a factual attack is "a challenge to the factual existence of subject matter jurisdiction. On such a motion, no presumptive truthfulness applies to the factual allegations, and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id.* Defendant presents a factual attack here.

### B. Analysis

Defendant argues that the amount in controversy in this case is less than the jurisdictional limit of $75,000 due to the provision in the lease agreements limiting liability. Plaintiffs oppose dismissal of their complaint for lack of subject matter jurisdiction.

The party seeking the federal forum bears the burden of proving that the amount in controversy exceeds $75,000. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936). Generally, "the amount claimed by a plaintiff in his complaint determines the amount in controversy, unless it appears to a legal certainty that the claim is for less than the jurisdictional amount." *Rosen v. Chrysler Corp.*, 205 F.3d 918, 920-21 (6th Cir. 2000). A plaintiff cannot satisfy the "legal certainty" test when his or her damages are limited by "a statutory or contractual cap." *Allstate Ins. Co. v. Renou*, 32 F. Supp. 3d 856,

4

860 (E.D. Mich. 2014); *see also Chirhoclin, Inc. v. Grand River Aseptic Mfg., Inc.*, No. 1:17-cv-993, 2012 U.S. Dist. LEXIS 208239, at * 7-8 (W.D. Mich. June 20, 2019) (noting that while the Sixth Circuit has not addressed the issue, "[t]he majority of circuits courts have held that where an enforceable contract contains a limitation on liability below the diversity jurisdiction threshold amount, federal courts lack subject-matter jurisdiction over the controversy").

Here, each of the two lease agreements includes a provision limiting damages to $25,000. Plaintiffs aver that this provision is unreasonable and there are questions of fact regarding its applicability, but they do not explain why the provision is unreasonable or what those questions of fact are. Under Michigan law, contractual provisions to limit liability of damages will be enforced unless the provision is unconscionable. *USAA Grp. v. Universal Alarms, Inc.*, 405 N.W.2d 146, 147 (Mich. Ct. App. 1987). And Michigan courts have explicitly upheld the validity of a provision limiting liability to a certain dollar amount in a bank safe deposit lease agreement. *See, e.g.*, *Michigan Nat'l Bank v. St. Paul Fire & Marine Ins. Co.*, 566 N.W.2d 7, 9 (Mich. Ct. App. 1997) (declining to find such a clause against public policy). Plaintiffs also suggest the agreements may not be enforceable but do not make any allegations that go to the enforceability of the agreements.[3] In fact, Plaintiffs themselves allege breach of contract based on those

---

[3] Plaintiffs argue that the lease agreements are a "mess" and should not be treated as leases due in part to a provision allowing the bank to move the safe deposit box at its discretion. But Plaintiffs do not cite any authority that suggests a court may disregard a lease agreement for this reason. Plaintiffs rely on *Soderberg v. Detroit Bank & Trust Co.*, 337 N.W.2d 364, 366 (Mich. Ct. App. 1983), to argue that certain questions of fact must be decided by a trier of fact, but in that case, there was a question as to "whether [the leases] were ever signed by plaintiffs and, if so, whether they were signed with knowledge that [they] were anything more than receipts." There are no such allegations here.

5

same agreements.  And while Plaintiffs also bring a negligence claim, Michigan law does not permit recovery for a claim that sounds in contract under a tort theory.  *See Rinaldo's Construction Corp. v. Mich. Bell Tel. Co.*, 559 N.W.2d 647, 657-58 (Mich. 1997).  Because there is no dispute the parties entered into the underlying agreements, Plaintiffs' damages are limited by the contractual cap of $25,000 per box.

In sum, Plaintiffs have not met their burden to establish they meet the amount-in-controversy.  Because subject matter jurisdiction is lacking, dismissal of this case is appropriate.  While Defendant asks the Court to dismiss the case for lack of subject matter jurisdiction with prejudice, a dismissal on this basis should be without prejudice.  *See Thompson v. Love's Travel Stops & Country Stores, Inc.*, 748 F. App'x 6, 11 (6th Cir. 2018).  Thus, this case is dismissed without prejudice to Plaintiffs refiling their complaint in state court.

**IV.   Conclusion**

For the foregoing reasons, Defendant's motion to dismiss is GRANTED, and this case is dismissed without prejudice.

SO ORDERED.

        s/Nancy G. Edmunds
        Nancy G. Edmunds
        United States District Judge

Dated: June 13, 2022

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 13, 2022, by electronic and/or ordinary mail.

        s/Lisa Bartlett
        Case Manager